UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LONG, JR., | ) | Case No.: 1: 17 CV 375 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LARRY ALLEN, *et al.*, | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

*Pro se* plaintiff James Long, Jr., has filed this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against ten Defendants: Larry Allen; Kevin P. Roberts; Tiffany Hill; Patrolman Penhollen; Willam G. Robinson; Matthew D. Cinadr; Andrew S. Watkins; John R. Kasich; John Born; and the Bureau of Motor Vehicles. (ECF No. 1.) His action pertains to a traffic stop in Cleveland Heights, and subsequent charges brought against him in Cleveland Heights Municipal Court.

The only named defendants the plaintiff specifically refers to in the body of his complaint are Patrolman Penhollen and Judge Larry Allen.

He alleges Patrolman Penhollen improperly stopped his vehicle without probable cause while he was driving in Cleveland Heights on July 7, 2015. When he refused to give Patrolman Penhollow his license, registration, and proof of insurance as requested, Patrolman Penhollow threatened to pull him out of the car and beat him with his club. (*Id*. at 2.) Plaintiff asked Penhollow to call his

supervisor. Sargeant Lenadr arrived on the scene and asked the plaintiff to provide the same information, but again the plaintiff refused. The plaintiff was then ticketed for violations of ORD 335.01 (no driver's license); 335.07(A); and 335.072, which he contends "applied to transportation or commercial operators only," and he was told he was free to leave. (*Id*. at 3.)

Plaintiff subsequently appeared before Judge Larry Allen on the traffic charges in Cleveland Heights Municipal Court. After he repeatedly refused to state his plea and persisted in questioning Judge Allen's jurisdiction, the Judge held him in contempt of court. (*Id*.) He alleges "policemen" forcefully took him to jail. (*Id*. at 3-4.) He was taken back to court later that evening, but he still persisted in refusing to answer questions posed by Judge Allen, and he stated that the Judge was improperly "practicing law from the bench." (*Id*. at 4.) The plaintiff was "sentenced to five days in jail" for alleged contempt and transferred to the Cuyahoga County Jail. (*Id*.)

Plaintiff was taken back to the Cleveland Heights Jail by two Cleveland Heights policemen on October 6, 2015, where he appeared before Judge A. Deane Buchanan and given a new court date. A trial on the charges against him was held on November 10, 2015. Sargeant Lenadr was called as a witness for the prosecutor, not Patrolman Penhollow. The plaintiff alleges this prevented Patrolman Penhollow from being "questioned as to what his probable cause was for getting behind the plaintiff and running a search on his license plates," and he contends Penhollow's conduct "was a Fourth Amendment violation to the United States Constitution." (*Id*. at 5.)

Plaintiff alleges he was ultimately found guilty of all charges against him at trial, including the contempt charge, but that when he returned for sentencing on January 4, 2016 (after meeting with a probation officer who "was very nice and cooperative"), the court "dismissed all the charges" against him except for "resisting arrest." (*Id*. at 6.)

Other than his allegation regarding the Fourth Amendment, the plaintiff alleges no specific constitutional violation in the body of his complaint and he seeks no specific relief. However, on his civil cover sheet, he indicates he is seeking damages in the case on various bases including denial of due process.

**Analysis**

Because the plaintiff is proceeding *in forma pauperis*, the Court must review his complaint before service pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). That statute requires the Court to dismiss the plaintiff's complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). *Pro se* complaints are construed liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but to survive a dismissal for failure to state a claim, a *pro se* complaint must still contain "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The allegations in the complaint must be sufficient to raise a right to relief above a speculative level assuming that the allegations are true. *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that the action may proceed only as against Patrolman Penhollow. The Court, however, finds the complaint fails to state a plausible claim and must be dismissed as against all of the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

The complaint must be dismissed against Judge Allen because it is well-established that judges are absolutely immune from civil suits for money damages in connection with activities they take in their judicial capacity, including suits brought against them under § 1983. Absolute judicial immunity is overcome in only two situations, where a judge acts in a non-judicial capacity, or takes actions "in the complete absence of all jurisdiction." *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). The actions of Judge Allen of which the plaintiff complains were clearly taken in his judicial capacity. The plaintiff's allegations do not plausibly suggest the Judge took actions in the complete absence of all jurisdiction. Accordingly, Judge Allen is immune from the plaintiff's suit and the action must be dismissed against him.

The complaint fails to state a claim and must be dismissed as against the remaining named defendants because the plaintiff has failed to set forth any specific, discernible allegations of wrongful conduct on their part in the body of the complaint. The Sixth Circuit has made clear that where a person is merely named as a defendant in an action without any allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law

4

as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Additionally, a §1983 claim may not be brought against supervisory officials solely on a theory of *respondeat superior*. *Siggers v. Campbell*, 652 F.3d 681, 689 (6th Cir. 2011).

The only named defendant in this case against whom the plaintiff has set forth allegations potentially suggestive of a plausible civil rights claim is Patrolman Penhollen.

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted, but for the reasons stated above, the complaint is dismissed against all named defendants except Patrolman Penhollen pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision dismissal could not be taken in good faith.

As this action will proceed only against Patrolman Penhollen, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on him, and **a copy of this order shall be included with the documents to be served.**

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 21, 2017